IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HEATHER JONES aka Heather Dempsey,
individually and on behalf of all others
similarly situated                                                                PLAINTIFF

v.                                    Case No. 1:19-cv-1003

LOVE, BEAL & NIXON, P.C. and
MIDLAND FUNDING LLC
                                                                                 DEFENDANTS

## ORDER

Before the Court is Defendants' Motion for Judgment on the Pleadings. ECF No. 11. Plaintiff has filed a response. ECF No. 15. The Court finds the matter ripe for consideration.

## I. BACKGROUND

Plaintiff filed the instant action on January 16, 2019, on behalf of herself and a proposed class consisting of all others similarly situated. ECF No. 1. Plaintiff asserts two claims under the Fair Debt Collection Practices Act, 15 U.S.C §§ 1692, *et seq.* ("FDCPA"), both of which are based on a January 18, 2018[1] letter ("LBN letter") Plaintiff received from Separate Defendant Love, Beal & Nixon, P.C. ("LBN") regarding a debt she owed to Synchrony Bank.[2] ECF No. 1, ¶¶ 24-25, 27.

First, Plaintiff alleges that Defendants "made deceptive and misleading representations when they sought to collect a debt from Plaintiff but failed to complete an accurate description of Plaintiff's rights in violation of 15 U.S.C. §§ 1692 and 1692e(10)." ECF No. 1, ¶ 39. Second, Plaintiff alleges that the LBN letter failed "to make any mention of [Plaintiff's] ability to receive a copy of a judgment and have it mailed to her attention" as required by 15 U.S.C. § 1692g. In

---

[1] In her Complaint, Plaintiff alleges she received a collection letter from Love on or around January 31, 2018, and states that the letter is attached to the Complaint as Exhibit A. However, the January 31, 2018 date appears to be a typo, as the letter attached to the complaint is actually dated January 18, 2018. ECF No. 1, p. 13.
[2] It appears that Separate Defendant Midland Funding LLC purchased the debt from Synchrony Bank and thereafter contracted with LBN to collect the alleged debt.

sum, both of Plaintiff's claims are based on the supposed omission from the LBN letter of a statement advising her of the right to request and receive a copy of the judgment against her.

## II. DISCUSSION

In the instant motion, Defendants assert that Plaintiff's claims against them should be dismissed for two reasons: (1) Plaintiff lacks standing because she merely alleges a statutory violation, not an injury in fact; and (2) the Complaint fails to state a claim against Defendants. Standing is a jurisdictional issue, so the Court addresses it first.

### A. Standing

Defendants assert that Plaintiff has failed to establish that she has standing, which is a prerequisite to subject matter jurisdiction. Specifically, Defendants assert that Plaintiff has not alleged facts to show that she suffered an injury in fact. Plaintiff fails to address the issue of standing in her response to Defendants' motion.

Defendants bring the instant standing challenge pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002) ("We have held . . . that if a plaintiff lacks standing, the district court has no subject matter jurisdiction. Therefore, a standing argument implicates Rule 12(b)(1)." (internal citations omitted)). A Rule 12(b)(1) motion may be brought as either a "factual attack" or a "facial attack." *Jackson v. Abendroth & Russell, P.C.*, 207 F. Supp. 3d 945, 950 (S.D. Iowa 2016) (citing *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 520-21 (8th Cir. 2007)); *see also Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) ("A Court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'").

In the instant case, Defendants mount a facial attack on Plaintiff's lack of standing. ECF NO. 12, p. 7. A party makes a facial attack by challenging the sufficiency of the pleadings. In evaluating such a challenge, a "court restricts itself to the face of the pleadings and the non-moving

party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn*, 918 F.2d at 729 n.6 (internal citations omitted). In deciding a facial challenge, the Court looks only at the pleadings and essentially uses the Rule 12(b)(6) standard to determine whether the complaint states a facially plausible jurisdictional claim. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (stating the post-*Twombly* standard for Rule 12(b)(6)). When a complaint is facially challenged on jurisdiction, all factual allegations in the complaint are presumed to be true. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

With this standard in mind, the Court now turns to the specific issue of standing. In order to demonstrate that she has standing, Plaintiff must show that she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540, 1547 (2016). Plaintiff must clearly have alleged facts demonstrating the satisfaction of each element. *Id*. In the present case, Defendants argue that Plaintiff has not alleged a harm that satisfies the injury-in-fact requirement. Thus, the Court's analysis is limited to whether Plaintiff suffered an injury in fact sufficient to establish that jurisdiction is proper.

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id*. (internal quotations omitted). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id*. (citing Black's Law Dictionary 479 (9th ed. 2009)) (emphasis in original). To be "concrete," an injury must be real and not abstract. *Id*. That being said, "concrete" does not necessarily mean "tangible" and intangible injuries can be concrete. *Id*. at 1549. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment

3

of Congress play important roles." *Id*. "History contributes to a finding of concreteness when the [alleged] intangible injury is closely related to a traditional 'basis for a lawsuit in English or American courts.'" *Jackson*, 207 F. Supp. 3d at 952 (quoting *Spokeo*, 136 S. Ct. at 1549).

Further, Congress may identify and elevate concrete intangible injuries to the status of legally cognizable injuries "that were previously inadequate in law." *Spokeo*, 136 S. Ct. at 1549. However, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. As the Court stated in *Spokeo*, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. Accordingly, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id*. However, the *Spokeo* Court recognized that if "the violation of a procedural right granted by statute" creates a "risk of real harm," a plaintiff "need not allege any *additional harm* beyond the one Congress has identified." *Id*. (emphasis in original) (citations omitted).

Since the Supreme Court issued *Spokeo*, the Eighth Circuit Court of Appeals has addressed the standing issue in the context of Congressional statutes and has held that a plaintiff must identify a material risk of harm, not a risk that is speculative or hypothetical. In *Braitberg v. Charter Communications, Inc.*, the Eighth Circuit held that a plaintiff failed to allege any concrete and particularized harm to create Article III standing where a defendant allegedly violated the Cable Communications Policy Act by retaining personally identifiable information. 836 F.3d 925, 931 (8th Cir. 2016). *But see Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 692-93 (8th Cir. 2017) (holding plaintiff alleged a concrete injury in fact in FDCPA case where he was served discovery requests on a debt he did not owe and defendant made a false threat to proceed to trial, which created a risk of mental distress). District courts within the Eighth Circuit have come to the same

4

conclusion. *See Wheeler v. Am. Profit Recovery, Inc.*, 2017 WL 4358718, at *3 (E.D. Mo. Sept. 29, 2017) (finding that plaintiff's unsupported claims of real harm and the risk of future harm resulting from alleged FDCPA violations are insufficient to establish a concrete injury in fact); *May v. Consumer Adjustment Co., Inc.*, 4:14CV166 HEA, 2017 WL 227964, at *4 (E.D. Mo. Jan. 19, 2017) (finding plaintiff lacked standing in FDCPA case where plaintiff's allegations were merely statutory procedural violations despite claims of real harm and risk of future harm); *Boergert v. Kelly Servs, Inc.* No. 2:15-cv-04185-NKL, 2016 WL 6693104, at *4 (W.D. Mo. Nov. 14, 2016) (finding that while the plaintiff had been deprived of statutorily created information under the Fair Credit Reporting Act claim, he failed to show any injury beyond the lack of access to the information and thus did not have standing); *Shotts v. iQor Holdings, US Inc.*, No. 15-cv-563 (SRN/SER), 2016 WL 6090723, at *8 (D. Minn. Oct. 18, 2016) (finding plaintiff's failure to make specific allegations of actual injury in a FCRA claim, even where styled as an informational injury, was insufficient to meet the requirements of *Braitberg* or *Spokeo*); *Jackson*, 207 F. Supp. 3d at 960-61 (S.D. Iowa Sept. 12, 2016) (relying on *Spokeo* to hold that a violation of the FDCPA alone does not automatically amount to an injury in fact and finding that plaintiff's failure to allege that he suffered a concrete harm that the disclosure requirement of 1692g of the FDCPA were designed to prevent did not satisfy the injury-in-fact requirement for Article III standing.)

Congress, in passing the FDCPA, "created a statutory right to be free from attempts to collect debts not owed, helping to guard against" identified harms such as "personal bankruptcies," "marital instability," "loss of jobs," and "invasions of individual privacy." *Demarais*, 869 F.3d at 692; *see also* 15 U.S.C. § 1692(a) (listing Congressional findings detailing the need to pass the FDCPA). Nonetheless, a plaintiff must recognize a concrete harm—that is one "that creates the risk of real harm" resulting from the violation of a statutory right—to establish standing. *Id.* at 691.

In the present case, Plaintiff fails to allege any concrete harm with regard to the LBN letter. Plaintiff merely asserts in her Complaint that Defendants' conduct (namely that they failed to advise her of her right to request a copy of any judgment against her) violated the FDCPA and that she "has been harmed" as a result. *See* ECF No. 1, ¶35. In her response, Plaintiff refers to an "informational injury" she "incurred . . . as a result of Defendants' deliberate deception and omission of her rights." ECF No. 15, p. 9. However, nowhere in her Complaint does Plaintiff allege that she suffered a particular harm or suffers from a risk of future harm necessary to establish a concrete injury sufficient for standing. Unlike *Demarais*, the harm "of being subjected to baseless legal claims, creating the risk of mental distress" is not alleged here. *Demarais*, 869 F.3d at 692. Accordingly, the Court finds that Plaintiff lacks standing and that this matter should be dismissed.

### B. Failure to State a Claim

Defendants also assert that Plaintiff has failed to state facts giving rise to a claim against them under the FDCPA and, accordingly, seek dismissal of this matter pursuant to Federal Rule of Civil Procedure 12(c). Because the Court finds that Plaintiff lacks standing to bring her FDCPA claims, it is not necessary for the Court to address Defendants Rule 12(c) arguments.

### CONCLUSION

Because the Court finds that Plaintiff lacks standing, the instant motion (ECF No. 11) is **GRANTED**. Accordingly, this matter is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 16th day of October, 2019.

/s/ Susan O. Hickey<br>
Susan O. Hickey<br>
Chief United States District Judge